IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH A. AUFMAN AND <br> JUDITH A. AUFMAN, <br><br> *Plaintiffs,* <br><br> V. <br><br> THE GOVERNMENT OF JAPAN, <br><br> *Defendant.* | § § § § § § § § § § § | CIVIL ACTION NO. H-04-3449 |

**PLAINTIFFS JOSEPH A. AUFMAN AND JUDITH A. AUFMAN'S
RESPONSE TO DEFENDANT THE GOVERNMENT OF JAPAN'S
<u>MOTION FOR ORDER OF PROTECTION</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Joseph A. Aufman and Judith A. Aufman, Plaintiffs in the above case, file this Response to the Motion filed by Defendant The Government of Japan for an order of protection pursuant to Rule 26(c)(7) and (8) of the Federal Rules of Civil Procedure, and respectfully present:

1.  At the outset, it is important to note that Rule 26(c) applies to a motion for protection by a person "from whom discovery is sought." The documents as to which Japan seeks protection were not sought to be discovered by the Aufmans, but rather were voluntarily produced by the Government of Japan in an attempt to support a motion for summary judgment that it filed in this case. The Aufmans have just discovered that Japan has apparently been quite selective in deciding what to produce, as the Aufmans recently received the letter attached as **Exhibit "A"**, which Japan did not attach to its motion. The documents that were voluntarily produced by the Government of Japan were produced for the purpose of advancing an affirmative argument on behalf of the

Government of Japan; thus, protection is not appropriate under Rule 26(c).  While the Aufmans do not believe that such documents in any way support Japan's position in this case, and in fact **Exhibit "A"** contravenes such position, the fact remains that the documents were voluntarily disclosed by Japan in an attempt to further its interests, and therefore Japan has waived any confidentiality with respect to the documents.

2.  Moreover, the documents were produced without any request for confidentiality with respect to such documents, and without any motion for protection being filed until long after the documents had been produced.  In the unlikely event that the Aufmans lose this case, those documents produced by the Government of Japan would be relevant and helpful to the Aufmans in their state court action against the sellers of the property.

3.  Further, contrary to the position taken by the Government of Japan, the Vienna Convention does not protect such documents.  The documents at issue consist of a letter to the Government of Japan from the Bondesens, together with the response from the Government of Japan.  The letter and the response both concern property in the United States, and have nothing whatsoever to do with the consulate business of the Government of Japan, except as they touch on this particular piece of property.  There is no confidentiality requirement with respect to such documents.

4.  While the United States is required to respect the inviolability of Japan's consular archives and documents by not going onto Japan's property and not opening diplomatic pouches and/or not requiring the production of such documents, Article 45 of the Vienna Convention clearly provides that the privileges and immunities can be waived by the initiation of proceedings, as Japan has done here.  Moreover, basic fairness provides that if Japan wants to make affirmative use of

documents, it cannot claim them as confidential, particularly in light of Japan's apparent selectivity in producing documents.

5.   Prior to the filing of the Motion for Protection (and, indeed, prior to any communication from the Government of Japan indicating that it considered such documents confidential), such documents had already been produced by the Aufmans to their attorneys in the state court proceeding, and had been sent by the Aufmans to some of the defendants in the state court proceeding.

6.   In short, the Government of Japan's untimely motion is without merit. Japan should not be allowed to use what it now claims are confidential documents in an offensive manner and preclude the use by others of such documents once they have been produced and revealed.

WHEREFORE, PREMISES CONSIDERED, the Aufmans pray that the Court deny the Motion for Protection filed by the Government of Japan, and for such other and further relief as the Court deems necessary and proper.

        Respectfully submitted,

        DeLANGE, HUDSPETH, McCONNELL & TIBBETS, L.L.P.

        By: /s/ Paul J. McConnell, III
            PAUL J. McCONNELL, III
            State Bar No. 13447500
            BEN A. BARING, JR.
            State Bar No. 01739050
            JEFFREY L. BEFORT
            State Bar No. 24025796
            8 Greenway Plaza, Suite 1300
            Houston, Texas 77046
            Phone: (713) 871-2000
            Facsimile: (713) 871-2020

        ATTORNEYS FOR PLAINTIFFS JOSEPH A. AUFMAN AND JUDITH A. AUFMAN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **Plaintiffs Joseph A. Aufman and Judith A. Aufman's Response to Defendant The Government of Japan's Motion for Order of Protection** has been delivered on this  8th  day of June 2005 to the following:

Mr. Mark K. Glasser
Mr. Craig S. Miles
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002
***Via facsimile: (713) 751-3290***
*Attorneys for Defendant The Government of Japan*

      /s/ Jeffrey L. Befort
      JEFFREY L. BEFORT